# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| _____ ) | |
| **NATIONAL RAILROAD PASSENGER** ) | |
| **CORPORATION,** ) | |
|     **Plaintiff** ) | |
| ) | |
| **v.** ) | **C.A. No.: 2017-cv-** |
| ) | |
| **HARTFORD FIRE INSURANCE** ) | |
| **COMPANY,** ) | |
|     **Defendant** ) | |
| _____) | |

## COMPLAINT AND JURY DEMAND

NOW COMES, the plaintiff, National Railroad Passenger Corporation (Amtrak) and state as follows:

## PARTIES

1.    The plaintiff, National Railroad Passenger Corporation (Amtrak) is chartered under the laws of the District of Columbia and has a principal place of business in the District of Columbia.  Amtrak is authorized by Congress to engage in business in Rhode Island.

2.    The defendant, Hartford Fire Insurance Company (Hartford) is a corporation with a principal office located at One Hartford Plaza in Hartford, Connecticut.  Hartford is an insurance company that provides property and casualty insurance to both individual and business customers in the United States.

## JURISDICTION

3.    Amtrak was created by an Act of Congress, 49 U.S.C. §24101, *et seq.*  Therefore, the Court has original jurisdiction over this lawsuit under the provisions of 28 U.S.C. § 1331 and §1349.

1

## VENUE

4.      Venue is proper in this district  and division under the provisions of 28 U.S.C. §13391 (b)

and (d) substantial part of the events or omissions giving rise to the claim occurred in this

district and Harford conducts business and had sufficient contacts within this district to

subject it to personal jurisdiction.

## GENERAL ALLEGATIONS

5.      On or about April 3, 2001, Amtrak entered into a lease agreement (lease) with WH Smith

Hotel Services, Inc. (WH Smith) for WH Smith to lease a certain retail space within

Amtrak's Providence Station for the operation of a newsstand.   (Exhibit 1).

6.      On or about November 1, 2008, the lease was assigned to and assumed by Oakwells

Commuter Rail (Oakwells).  Id.

7.      Pursuant to the lease,

> "[Oakwells] shall indemnify and hold harmless [Amtrak], from and
> against any and all losses, damage, claims, demands, actions or causes of
> action, suits at law or in equity, judgments, liability or expenses, ...arising
> out of the exercise of the Lease granted herein or the use of Providence
> Station or any part thereof by Tenant ...." Id.

8.      Additionally, pursuant to the lease, Oakwells maintained comprehensive general liability

policy, including contractual liability coverage, with Hartford naming Amtrak as an

additional insured on the policy.  Id.

9.      On January 13, 2013, Hartford issued a certain policy of liability insurance covering

Amtrak as a named additionally insured for bodily injury, property damage, and personal

injury caused by an accident on or on ways next to premises owned or rented by

Oakwells including the newsstand at Providence Station.  Under the policy, Hartford is

obligated to investigate, defend, and indemnify the insured against any claim or lawsuit against the insured.   (Exhibit 2).

10.     On or about January 11, 2014, Galina Lichman, an employee of Oakwells  was allegedly caused to suffer injuries when she slipped and fell at Amtrak's Providence Station while acting within the scope and course of her employment.

11.     On or about October 14, 2014, Amtrak was served with a summons and complaint arising out of the January 11, 2014 incident at Amtrak's Providence Station (Lichman lawsuit).[1] (Exhibit 3).

12.     It was alleged in the Lichman lawsuit that the plaintiff slipped and fell and sustained personal injury as a result of Amtrak's negligent maintenance of the leased premises.

13.     On January 29, 2014, Amtrak wrote to Oakwells and demanded defense, indemnity and for coverage as an additional insured pursuant to the lease.  A copy of the letter was forwarded to Hartford.  Amtrak received no response from Hartford.  (Exhibit 4).

14.     On April 24, 2015, Amtrak again wrote to Oakwells and demanded defense, indemnity and for coverage as an additional insured pursuant to the lease.  Amtrak notified Hartford with a copy of the letter as notice of the claim.  No response was received by Amtrak from Hartford.   (Exhibit 5).

15.     On August 24, 2016, Amtrak wrote to Hartford to protect Amtrak's interests in the Lichman lawsuit in accordance with the insurance policy on which Amtrak was identified as an additional insured.  No response was received by Amtrak.  (Exhibit 6).

---

[1] The lawsuit was originally filed in Rhode Island Superior Court, Lichman et al. v. Amtrak et al.,Civil Action No.: 15-4321 and was removed to this court on October 31, 2015, Lichman et al. v. Amtrak et al.,Civil Action No.: 1:15-cv-00456-M-PAS.

16.     On January 17, 2017, Amtrak through counsel wrote to Hartford demanding attorney's

fees and indemnification in the Lichman lawsuit.  To date, no response has been received.

(Exhibit 7).

## COUNT I
### (Indemnification)

17.     Amtrak repeats, re-alleges, and re-avers each and every allegation contained in

paragraphs 1 through 16, as if fully set forth herein.

18.     Hartford owes a contractual duty to Amtrak to investigate, defend, and indemnify the

insured against any claim or lawsuit against the insured.

19.     Hartford has failed to investigate, defend and indemnify Amtrak from the Lichman

lawsuit and claims.

20.     Hartford is liable to Amtrak for all costs, expenses, fees, settlement, or judgment amounts

and other damages incurred by Amtrak arising from or related to the Lichman lawsuit and

claims together with interest, in an amount within the jurisdictional limits of this court.

## COUNT II
### (Declaratory Judgment)

21.     Amtrak repeats, re-alleges, and re-avers each and every allegation contained in

paragraphs 1 through 20, as if fully set forth herein.

22.     Amtrak seeks a declaratory judgment for the purposes of determining the parties' rights,

obligations, and coverages under the subject insurance policy.

23.     Amtrak seeks a declaration, as an additionally insured under the policy of insurance, of

Hartford's obligations to investigate and defend and mitigate losses, or to pay for

Amtrak's costs of investigation, defense, loss mitigation with respect to the pending

negligence action against Amtrak.

24.     Amtrak seeks a declaration and determination that, under the policy of insurance, Hartford is obligated to pay, within the limits of the policy of insurance all sums which Amtrak may become obligated to pay by reason of any recovery or judgment against Amtrak in the Lichman lawsuit.

25.     Amtrak seeks a determination of the amount of damages and expenses, including attorneys' fees, suffered and incurred and to be suffered and incurred by Amtrak in assuming and conducting its defense in the Lichman lawsuit by reason of Hartford's refusal to assume and conduct such defense, up to the time when Hartford shall assume and conduct the same, with money judgment for the amount so ascertained and determined.

26.     Amtrak seeks a determination and declaration that Amtrak, as an additional insured under the policy of insurance, is entitled to such other benefits and protections and that Hartford is obligated to provide and extend such other benefits and protects to Amtrak, as may be provided for in such policy of insurance in relation to the circumstances alleged in the Lichman lawsuit.

## COUNT III
### (Breach of contract)

27.     Amtrak repeats, re-alleges, and re-avers each and every allegation contained in paragraphs 1 through 26, as if fully set forth herein.

28.     Hartford breached its contract of insurance with Amtrak by:

   a.   failing to promptly and reasonably adjust the claim;

   b.   failing to acknowledge and act with reasonable promptness upon pertinent communications with respect to claims arising under its policies

5

    c.   not attempting in food faith to effectuate prompt, fair and equitable settlement of claims submitted in which liable has become reasonably clear;

    d.   refusing to pay claims without conducting a reasonable investigation; and

    e.   compelling insured to institute suits to recover amounts due under its policies;

    f.   any other acts or omissions to be shown at trial on the merits.

**Count IV**
**(Breach of the Implied Covenant of Good Faith and Fair Dealing)**

29.    Amtrak repeats, re-alleges, and re-avers each and every allegation contained in paragraphs 1 through 28, as if fully set forth herein.

30.    Hartford breached its duty of good faith and fair dealing, and its duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims by:

    a.   failing to promptly and reasonably adjust the claim;

    b.   failing to acknowledge and act with reasonable promptness upon pertinent communications with respect to claims arising under its policies;

    c.   not attempting in good faith to effectuate prompt, fair and equitable settlement of claims submitted in which liable has become reasonably clear;

    d.   refusing to pay claims without conducting a reasonable investigation; and

    e.   compelling the insured to institute suit to recover amounts due under its policies.

**WHEREFOR**, Amtrak respectfully requests that there be a judgment entered in its favor against Hartford awarding damages, interest, attorney's fees and costs, punitive and/or exemplary damages as may be allowed by law and for further relief as equity and justice require.

## PLAINTIFF DEMANDS A JURY TRIAL

## ON ALL ISSUES RAISED IN THE COMPLAINT

National Railroad Passenger Corporation,

By its Attorneys,

Dated: February 23, 2017

/s/ Joseph V. Cavanagh,
/s/ Mary C. Dunn
Joseph V. Cavanagh, Jr., Esq. #1139
Mary C. Dunn, Esq. #6712
Blish & Cavanagh, LLP
Commerce Center
30 Exchange Terrace
Providence, RI 02903
Tel:  401-831-8900
Fax:  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
jvc@blishcavlaw.com
mcd@blishcavlaw.com

Of Counsel:

John J. Bonistalli, Esq.
Jennifer Lee Sage, Esq.
Law Office of John J. Bonistalli
160 Federal Street, 15th Floor
Boston, MA 02110
Tel: (617) 737-1771
Fax: (617) 737-5026
john.bonistalli@bonistallilaw.com
jennifer.lee@bonistallilaw.com